IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BURKE CONSTRUCTION GROUP,
INC.,

  Plaintiff,

v.

MONROE COUNTY,

  Defendant.
_____/

**COMPLAINT FOR DEPRIVATION OF A PROPERTY INTEREST
WITHOUT DUE PROCESS OF LAW AND DEMAND FOR JURY TRIAL**

  Plaintiff, Burke Construction Group, Inc. (hereinafter "Burke"), by and through its undersigned counsel, sues the Defendant, Monroe County (hereinafter "County") and states as follows:

**Jurisdiction and Venue**

  1. This is an action for deprivation of a property interest without due process of law arising under the Fourteenth Amendment to the United States Constitution through 42 U.S.C.A. §1983 and 28 U.S.C.A §1331, resulting from Monroe County's failure to award a contract for construction of a public project commonly known referred to as Marathon Library and Adult Education Center.

  2. This is also an action for deprivation of a second property interest without due process of law arising under the Fourteenth Amendment to the United States Constitution through 42 U.S.C.A §1983 and 28 U.S.C.A §1331, resulting from Monroe County's failure to

---

**ELDER & LEWIS, P.A.**  DADELAND CENTRE I - 9155 SOUTH DADELAND BOULEVARD, SUITE 1110, MIAMI, FL 33156
MAIN: (305) 667-4774 • FAX: (305) 667-4664 • WEBSITE: www.elderlewis.com

award a contract for construction of a public construction project commonly referred to as Cudjoe Key New Fire Station No. 11.

3. Jurisdiction lies in this Court as the cause of action arises out of the United States Constitution through 42 U.S.C.A §1983 and 28 U.S.C.A §1331.

4. Venue is proper in the Southern District of Florida as both projects are located in Monroe County. Additionally, Defendant, Monroe County, is by definition a municipality within the Southern District of Florida.

5. Defendant, Monroe County is a political subdivision of the State of Florida.

6. Plaintiff, Burke Construction Group, Inc. is a duly licensed corporation in the State of Florida.

## General Allegations

7. On or about December 2017 the County sent out a Request for Proposals for Marathon Library and Adult Education Center. The Request for Proposals is too voluminous to attach (212 pages). However, the Notice of Request for Competitive Solicitations, the Summary of Work, and Instructions to Proposers, are attached as **Exhibit "A"** as they pertain to the allegations of this Complaint. It should be noted that the County has prepared and possesses the entire solicitation.

8. Pursuant to §255.20 of the Florida Statutes the County promised all bidders that it would award to the lowest responsible responsive bidder.

9. In Paragraph 6.3.11 of the Instructions to Proposers the County promised the following:

> 6.3.11 If the Contract is awarded, it will be awarded to the lowest, conforming responsible, responsive Proposer, with consideration to local businesses.

2

10. The Request for Proposals and the promise to award to the low, responsive and responsible bidder induced Burke to submit a bid.

11. Burke was the low bidder among responsive and responsible bidders when the bids were submitted.

12. Burke relied on the County's promise to award to the lowest responsible responsive proposer in preparing its bid.

13. The department of Project Management/Facilities of Monroe County was designated to review the submitted bids.

14. Project Management/Facilities found Burke to be the low responsive, responsible bidder.

15. Accordingly, the staff recommended the Agenda Item Wording as follows:

> **AGENDA ITEM WORDING:** Approval of a contract and authorization for the Mayor to execute a contract with Burke Construction Group, Inc. for the construction of the new Marathon Library and Adult Education Center. Burke Construction Group is the lowest responsible and responsive bidder in the amount of $5,794,995.00. This project is funded through the one cent infrastructure sales surtax. *See* **Exhibit "B."**

16. Johnnie Yongue, Project Manager for the Marathon Library and Adult Education Center and acting on behalf of Monroe County Project Management/Facilities stated under oath that Burke was the low responsive responsible bidder by Project Management/Facilities.

17. The item was carried over to be placed on the April 19, 2018 as a "Bulk Approval" Item.

**ELDER & LEWIS, P.A.**   DADELAND CENTRE I - 9155 SOUTH DADELAND BOULEVARD, SUITE 1110, MIAMI, FL 33156
MAIN: (305) 667-4774 • FAX: (305) 667-4664 • WEBSITE: www.elderlewis.com

18. Bulk Approval items are those items placed on the agenda to be approval as a group by the Commission.

19. Rather than award to Burke, the Commission rejected all the Marathon Library and Adult Education Center bids, without explanation, despite stating: "Burke Construction is the lowest responsible and responsive bidder in the amount of $5,794,995.00. *See* Exhibit "B"

20. On or about April 19, 2018 the Commission formally rejected all bids and directed staff to send the item out to bid again. *See* **Exhibit "C"** at page 9, ¶C1.

21. On or about December 2017, the County sent out a separate Request for Proposals for Cudjoe Key New Fire Station No. 11. (The Request for Proposal is too voluminous to attach but is incorporated herein by reference.) (214 pages). However, Burke attaches as **Exhibit "D"** the Notice of Calling for Proposals, Summary of the Work, and Instructions to Proposers as they pertain to this Complaint. (It should be noted that the County has prepared and possesses the entire solicitation).

22. In Paragraph 6.3.11 of the Invitation to Bidders the County stated as follows:

> 6.3.11 If the Contract is awarded, it will be awarded to the lowest, conforming responsible, responsive Proposer, with consideration to local businesses.

23. The Request for Proposals and the promise to award to the low, responsive and responsible proposer in accordance with §255.20 Fla. Stat. induced Burke to provide a bid.

24. Again, Burke was the low proposer among responsive and responsible bidders when the bids were submitted.

25. Burke relied on the County's promise to award to the lowest responsible responsive proposer in preparing its bid.

4

26. The staff of the Project Management Department of Monroe County again reviewed all bids and recommended that the Board of County Commissioners award the project to Burke.

27. The recommendation was placed on the agenda for the Board of County Commissioners to adopt.

28. On or prior to March 21, 2018 the staff prepared an agenda item U4. The proposed item stated:

> **AGENDA ITEM WORDING:** Approval of a contract and authorization for the Mayor to execute a contract with Burke Construction Group, Inc. for the construction of the new Cudjoe fire station #11. Burke Construction Group is the lowest responsible and responsive bidder in the amount of $3,845,587.00. This construction is funded by the one cent infrastructure sales surtax.
>
> **ITEM BACKGROUND:** On February 15, 2018, the County opened sealed responses to the Request for Proposals for the construction of the new Cudjoe fire station #11. The lowest bidder had an incomplete proposal and should be rejected as non-responsive. The next proposal to be considered the lowest, responsible and responsive bidder was submitted by Burke Construction Group, Inc. in the base proposal amount of $3,824,969.00. With the inclusion of three of the four alternates, their total contract price is $3,845,587.00.  *See* **Exhibit "E."**

29. On March 21, 2018, the Board of County Commissioners for Monroe County postponed approval of the Cudjoe New Fire Station No. 11 award of the contract to Burke to the April 19, 2018 BOCC meeting.

30. Thereafter the recommendation was again placed before the Board. On April 19, 2018 Monroe County rejected all bids for the construction of the Cudjoe Key New Fire Station No. 11, without explanation, and directed staff to advertise a new solicitation of bids.

5

31. With regard to both projects the County did not have "unbridled discretion" to reject all bids with or without cause. Bidding laws may not be circumvented under the color of a rejection of all bids. *Wood-Hopkins Contracting Company v. Roger J. Au & Son, Inc.*, 354 So.2d 446 (Fla.1st DCA1978).

32. Any reservation of the right to reject all bids in the projects does not "evade" the law prohibiting favoritism, abuse of discretion or corruption. *Wood-Hopkins Contracting Company* citing *McQuillin, Municipal Corporations* §29.77 at page 438.

33. Both rebids for the Marathon Library and Adult Education Center and the second for Cudjoe Key New Fire Station No. 11 changed the methodology on how the bids would be reviewed and awarded.

34. In Paragraph 6.3.11 the County promised as follows:

> 6.3.11 If the Contract is awarded, it will be awarded to the conforming responsible, responsive Proposer, based on the ranking criteria provided herein, with consideration to local businesses.

35. The second Request for Proposals for the Marathon Library and Adult Education Center was published by the County in December 2018. The second Request for Proposals is too voluminous to attach in its entirety (219 pages). However, the Notice of Request for Competitive Solicitations, Summary of Work, and Instructions to Proposers are attached as **Exhibit "F,"** as they pertain to the allegations of this Complaint. It should also be noted that Defendant, County prepared and possesses the full copy of all four (4) solicitations referenced in this Complaint.

36. When the Re-Bid Proposals for Marathon Library and Adult Education Center were opened on February 20, 2019, Burke was the again the lowest dollar bidder with a proposal amount of $6,597,475.00.

**ELDER & LEWIS, P.A.**  
DADELAND CENTRE I - 9155 SOUTH DADELAND BOULEVARD, SUITE 1110, MIAMI, FL 33156  
MAIN: (305) 667-4774 • FAX: (305) 667-4664 • WEBSITE: www.elderlewis.com

37. The altered concept of Ranking Criteria was stated beneath the definitions section of the Instructions to proposers. It stated:

> 1. Relevant Experience 30 PTS
> 2. Project Approach and Quality Control 15 PTS
> 3. Staffing 15 PTS
> 4. Proposal 40 PTS
> 5. County Forms Yes/No
> 6. Financial Information and Litigation Yes/No

38. The next lowest bidder was DL Porter at $6,696,850.00.

39. The D.L Porter bid was $99,375.00 higher than Burke.

40. The next lowest bidder was Pedro Falcon at $6,849,000.00.

41. The Pedro Falcon bid was $251,525.00 higher than Burke.

42. The final bidder was Ajax at $8,497,000.00.

43. The Ajax bid was $1,899,525.00 (One Million Eight Hundred Ninety-Nine Thousand Five Hundred Twenty-Five) higher than Burke.

44. The so-called Ranking Committee set up arbitrarily by the County after bid opening included: Rob Tudor who was a Technical Project manager whose duties were to learn phases of construction and work with a team to manage projects; Cary Knight was the manager of Project Management/Facilities; and Kim Matthews was a Monroe County employee for 18 months with experience in libraries.

45. The Ranking Committee recommended award to Falcon.

46. Falcon's bid was a quarter of a million dollars higher than Burke (without alternates).

47. Following the Ranking Committee meeting, the County issued an agenda which recommended adoption of the Ranking Committee recommendation.

**ELDER & LEWIS, P.A.**   DADELAND CENTRE I - 9155 SOUTH DADELAND BOULEVARD, SUITE 1110, MIAMI, FL 33156
MAIN: (305) 667-4774 • FAX: (305) 667-4664 • WEBSITE: www.elderlewis.com

48. The County commissioners adopted the Ranking Committee recommendation.

49. The County Code of Ordinances does not provide a procedure for bid protests.

50. Each Proposal submitted included separate and independent categories for relevant experience, for quality control and for project approach information, and for staffing information.

51. The category with the most points remaining in the solicitation for ranking purposes was the "proposal."

52. Committee member Rob Tudor acknowledged Burke as the low bidder.

53. Committee member Rob Tudor stated that as low bidder he awarded Burke all 40 PTS in the "Proposal" category

54. Committee member Kim Matthews went in an entirely direction and did not even consider the fact that Burke submitted the low dollar proposal.

55. Ranking Committee member Kim Matthews admitted she entirely disregarded the low dollar aspect of Burke's proposal.

56. Committee member Kim Mathews gave Burke <u>zero</u> consideration for being the low dollar bidder.

57. The third Committee member, Carey Knight, scored "Proposal" based on a "feeling."

58. With regard to the 40 PTS category titled "Proposal," Cary Knight deducted 10 PTS from Burke from the total of 40 PTS allotted for the "proposal" category, even though Burke was the low dollar proposer.

8

59. In the category "Proposal" Kim Matthews deducted 8 PTS from the total of 40 PTS allotted to the "proposal" category, even though Burke was the low dollar proposer.

60. In the category "Proposal" Cary Knight, despite the discrepancy of almost 2 million dollars in proposed dollar amount, scored Ajax the same under "proposal" as Burke – scoring each contractor 30 PTS.

61. In the category "Proposal" Cary Knight despite the discrepancy in bid "proposal" amounts, scored Falcon 5 PTS *more* than Burke.  Falcon's bid was $251,525.00 higher than Burke.

62. In the category "Proposal," Kim Matthews, scored Ajax 31 PTS and Burke but 1 PT more at 32 PTS.  The Ajax proposal was one million eight hundred ninety-nine thousand and five hundred and twenty-five dollars more than Burke's proposal.

63. In the category "Proposal," Kim Matthews, scored Falcon 36 PTS while scoring Burke 32 PTS.  Falcon's proposal was two hundred thousand fifty-one five hundred twenty-five dollars ($251,525.00) more than Burke's proposal.

64. By cross referencing other recent rankings done by Cary Knight, on June 29, 2018 Mr. Knight had ranked Pedro Falcon 6th out of 6 bidders on the project commonly known as the Cudjoe Fire Station #11. On this project, Cary Knight scored Pedro Falcon first.

65. The contract was scheduled to be awarded to Falcon on March 21, 2019.

66. Burke filed a temporary restraining order in State Court in Monroe County on March 18, 2019.

67. The State Court informed Burke late in the afternoon on March 19, 2019 that the Court did not conclude the allegations amounted to an emergency.

9

68. Burke further requested a writ of mandamus from the State Court in accordance with F.R.C.P. 1.630.

69. The failure of the State Court to grant a hearing for a motion for temporary injunction was followed by the County one (1) full day later awarding the contract to Falcon and therein depriving Burke's equitable relief to compel the award of the contract to Burke.

70. The County commissioners at no time investigated the discrepancies or misconduct in the action of the ranking committee, despite being encouraged by Burke to do so.

71. With regard to the Cudjoe Key New Fire Station No. 11 the County also sent out a second Request for Proposal.

72. The new solicitation for Cudjoe New Fire Station No. 11 in May 2018 was titled: "Request for Proposal for Cudjoe Key New Fire Station No. 11, Cudjoe Key, FL." (The Request for Proposal is too voluminous to attach but is incorporated herein by reference.) (215 pages). However, the Notice of Request for Competitive Solicitations, the Summary of Work, and the Instructions to Proposers are attached as **Exhibit "G"** as they pertain to the allegations of this Complaint. (215 pages). It should also be noted that the County prepared and authored the entire solicitation and has possession of the Solicitation in its entirety.

73. Paragraph 6.3.11 was again inserted to replace the §255.20 Fla. Stat. provision of awarding the Contract to the lowest, responsive, responsible proposer.

> Paragraph 6.3.11 now read:
> If the Contract is awarded, it will be awarded to the conforming responsible, responsive Proposer, based on the ranking criteria provided herein, with consideration to local businesses.

74. Burke was again the low dollar bidder among the bidders deemed by the County to be responsive and responsible.

10

75. The same Ranking criteria was inserted into the Instructions to Proposers at the end of the definition section as was inserted in the Marathon Library and Adult Education Center. The provision stated:

> Ranking Criteria
> The Ranking Criteria and maximum points scoring values allowed in each criteria category of this solicitation are as follows:
> Tab 1 Relevant Experience 30 points
> Tab 2 Project Approach and Quality Control 15 points
> Tab 3 Staffing 15 points
> Tab 4 Proposal 40 points
> Tab 5 County Forms Yes/No
> Tab 6 Financial Information and Litigation Yes/No
>
> *Total possible points 100 points*

76. No Ranking Committee members were listed in the Solicitation.

77. The Ranking Committee was formed after the submission of the proposals for which Burke was the low responsive responsible proposer.

78. The Ranking Committee members were selected by Cary Knight. Cary Knight was the manager of Project Management/Facilities.

79. Cary Knight selected himself.

80. Cary Knight selected one of the Project Managers reporting to him, Johnnie Yongue to serve on the committee.

81. Cary Knight selected Steve Hudson; a captain in the Monroe County Fire Department to serve on the committee.

82. Without Burke knowing, Cary Knight had prior to the selection of the Ranking Committee members criticized Burke at multiple Project Manager Meetings.

11

83. The derogatory statements were said multiple times with multiple Project Managers present.

84. Johnnie Yongue was a Project Manager that attended those meetings and was aware of the criticism.

85. Cary Knight harbored bias against Burke and nonetheless named himself to the Ranking Committee.

86. Cary Knight's selection of himself and Johnnie Yongue, one of his project managers, created an unfair bias against Burke which made a fair and impartial scoring of Burke an impossibility.

87. Cary Knight's selection of himself and Johnnie Yongue amounted to an effort to assure selection of a proposer other than Burke and amounted to misconduct and the exercise of dishonest discretion in the scoring of the competitive proposers.

88. The Board of Commissioners again made no independent investigation of the Ranking Committee's scoring.

89. The County commissioners failed to award the contract to Burke based on the biased scoring of Ranking Committee members and the dishonest exercise of discretion in scoring by those members.

90. While a Ranking Committee concept is allowed under the Florida Bidding Statute, the scoring procedure cannot amount to a ruse to produce favoritism.

91. While the Ranking Committee concept appears on its face to be an honest exercise of discretion, the actual scoring of these committee members, reflects a dishonest

**ELDER & LEWIS, P.A.**  DADELAND CENTRE I - 9155 SOUTH DADELAND BOULEVARD, SUITE 1110, MIAMI, FL 33156

MAIN: (305) 667-4774 • FAX: (305) 667-4664 • WEBSITE: www.elderlewis.com

exercise of discretion and misconduct geared to selecting whomever or whichever contractor the County favored over the proposer they did not favor.

92. Florida law does not allow circumstances for the recovery of lost profits in a bid setting where a contract has not been entered into after a bid opening.

93. Burke's claim for entitlement to deprivation of a property right is based on:

   a. With regard to the Marathon Library and Adult Education Center and its first bid solicitation, Burke was determined to be the lowest responsive and responsible bidder.
   b. With regard to the Cudjoe Key New Fire Station No. 11 and its first bid solicitation Burke was determined to be the lowest responsive and responsible bidder.

94. At the time that Burke was determined to be the lowest responsive and responsible bidder by staff and Project Management/Facilities on both the Marathon Library and Adult Education Center and Cudjoe New Fire Station No. 11, Burke possessed a legal entitlement to the contract for both projects as the Commissioners' discretion was sufficiently limited to entitle Burke to a property interest pursuant to 42 U.S.C.A §1983.

95. Monroe County's rejection of all bids and publishing second solicitations for bids for both Marathon Library and Adult Education Center and Cudjoe New Fire Station No. 11 was arbitrary, unreasonable, and capricious and became a means to allow Monroe County to choose a favored bidder over Burke or simply allow a favored bidder over Burke another opportunity to become the low bidder.

96. Monroe County's continuing efforts to deprive Burke of its property rights in these contracts were predicated on dishonest discretion and collectively rose to a level of

13

misconduct that restores Burke to its claim for entitlement to its property right pursuant to 42 U.S.C.A §1983.

97. While Burke has sought promissory estoppel rights and declaratory relief in State Court, promissory estoppel rights permit Burke only to recover costs of bid preparation – not the hundreds of thousands in lost profits.

98. Case No; 19-CA-00080-M remains pending in the 16th Judicial Circuit Court in and for Monroe County.

99. Burke will seek to have this matter abated until the State action has concluded.

100. The promissory estoppel relief sought in the State action is based on the right to recover bid preparation costs as a result of the of the County's promise of fair consideration of the bids.

101. Promissory estoppel is the sole State remedy afforded to Burke whose right to be accepted as the low responsive, responsible bidder for contract formation was denied unlawfully by the County's arbitrary, indifferent, capricious, dishonest, unlawful and capricious decision to assert favoritism. *Hotel China & Glassware Company v. Board of Public Instruction*, 130 So.2d 78, 81 (1st DCA 1961); *Dedmond v. Escambia County*, 244 So.2d 758 (1st DCA 1971).

102. Based on the wrongful deprivation of the property rights to the Marathon Library and Adult Education Center and Cudjoe New Fire Station No. 11 contracts, and Burke's claim to entitlement to those contracts, Burke seeks damages for lost profits arising from those contracts.

**WHEREFORE,** Plaintiff, Burke Construction Group, Inc. requests this Honorable Court to enter an Order awarding Burke damages for lost profits, costs, and prejudgment interest in addition to any further relief the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Burke Construction Group, Inc. hereby demands a Jury Trial of all issues so triable as a matter of right.

Dated this 11th day of March, 2022.

Respectfully submitted

*/s/David R. Elder*
DAVID R. ELDER
FLA. BAR NO. 272442
delder@elderlewis.com
KERRY H. LEWIS
FLA. BAR NO. 055220
klewis@elderlewis.com
Elder & Lewis, P.A.
9155 S. Dadeland Blvd., Suite 1110
Miami, FL 33156
(305) 667-4774 Telephone
*Attorneys for Plaintiff Burke Construction Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record identified on this Certificate in the manner specified, either via Electronic Mail in accordance with Florida Rule of Judicial Procedure 2.516 or in some other authorized manner for those counsel or parties who are not authorized to receive electronic mailing.

*/s/David R. Elder*
DAVID R. ELDER

## SERVICE LIST

**ELDER & LEWIS, P.A.**   DADELAND CENTRE I - 9155 SOUTH DADELAND BOULEVARD, SUITE 1110, MIAMI, FL 33156
MAIN: (305) 667-4774 • FAX: (305) 667-4664 • WEBSITE: www.elderlewis.com